**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3258
_____

DONALD F. BASS,
                    Appellant

v.

CARL DANBERG, Commissioner; PERRY PHELPS, Warden; Lt. DRACE; GILL, Sgt.;
MADIGAN, Sgt.; SERGEANT CHARLES WOLOSZYN, a/k/a Sgt. Wallace; C/O
GREEN; BRADL, C/O; OFFICER HICKS; FITZGERALD, C/O; CASSIDY, C/O
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-13-cv-00249)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 20, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed:  August 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Donald Bass appeals from the District Court's order granting summary judgment in favor of several defendants in an action that Bass brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Bass is a Delaware state prisoner who, at the time relevant to this matter, was incarcerated at the James T. Vaughn Correctional Center. In February 2013, he filed a complaint in the District Court, raising claims that stemmed from his allegations that excessive force was used against him during an altercation in December 2012. The District Court screened the complaint and dismissed many of the claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court permitted the Eighth Amendment excessive force, failure to protect, and medical needs claims to proceed.

After discovery, the remaining defendants moved for summary judgment. The undisputed facts in the record showed that, on December 13, 2012, Sergeant Gill and Correctional Officer Green conducted recreation. When it was Bass' turn, he asked for indoor recreation. Green denied the request, and Gill escorted Bass in handcuffs to an outdoor recreation yard. Bass admitted that he was cold, frustrated, and angry that he could not recreate indoors.

Gill began removing Bass' handcuffs through the outdoor yard's handcuff flap. The left cuff was removed, but Bass pulled away while the handcuffs were still secured to his right wrist, causing the handcuff key to fall into his possession. Bass then started kicking the fence, threatening Gill, and demanding to see a lieutenant.

2

Lieutenant Drace assembled a Quick Response Team (QRT), including several of the other defendants, to enter the yard and subdue Bass because they feared that he might use the handcuffs as a weapon. Bass admitted that the QRT members approached him slowly with their arms outstretched, and that he pushed a QRT member. The remaining QRT members then took Bass to the ground and shackled his legs, but they had trouble restraining his arms because he was resisting. Drace secured a grip over Bass' face, and other QRT members attempted to pin Bass down, but, as Bass admitted, he continued resisting and struggling to break free. Drace then deployed capstun (pepper spray) to Bass' face twice, which succeeded in subduing him. The QRT then lifted Bass to his feet and escorted him to medical for an examination. Bass was cleared by medical and escorted back to his cell.

The District Court granted summary judgment in favor of the remaining defendants. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. A genuine dispute of material fact exists if the evidence is sufficient for a

3

reasonable factfinder to return a verdict for the non-moving party.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

Bass argues that there was a genuine dispute of material fact regarding his

excessive force and failure-to-protect claims.[1]  In assessing a prisoner's excessive force

claim under the Eighth Amendment, we focus on "whether force was applied in a good-

faith effort to maintain or restore discipline, or maliciously and sadistically to cause

harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  We consider "several factors

including: (1) the need for the application of force; (2) the relationship between the need

and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat

to the safety of staff and inmates, as reasonably perceived by responsible officials on the

basis of the facts known to them; and (5) any efforts made to temper the severity of a

forceful response."  Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quotation marks

and citation omitted).

Here, we agree with the District Court that the evidence is insufficient for a

reasonable factfinder to determine that any officer used excessive force.  In particular,

Bass was angry, threatening, and in possession of handcuffs which could have been used

as a weapon.  Bass admitted that he pushed a QRT member who was moving slowly

towards him in an attempt to restrain him, and that he continued struggling against the

---

[1] While Bass raised some other issues in his brief, he did not argue them.  See United
States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify
or argue an issue in his opening brief constitutes waiver of that issue on appeal.").  In any
event, we have considered those issues and we conclude that they are meritless.

QRT members until he was subdued by Drace's use of pepper spray. Bass was immediately taken to medical and cleared. On this record, a reasonable factfinder could conclude only that the "force was applied in a good-faith effort to maintain or restore discipline," and therefore that the force was not excessive. Hudson, 503 U.S. at 6–7. Because Bass' failure-to-protect claims require a showing that his constitutional rights were violated by the use of excessive force, those claims also fail. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court. In light of our disposition, we deny Bass' motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).